IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID SMITH, | : | |
|              Petitioner, | : | |
| v. | : | Civil Action No. 16-996-CFC |
| DANA METZGER, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
|              Respondents.[1] | : | |

David Smith. *Pro se* Petitioner.

Brian L. Arban, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

**MEMORANDUM OPINION**[2]

August 22, 2019
Wilmington, Delaware

---

[1] Warden Dana Metzger replaced former warden David Pierce, an original party to the case. *See* Fed. R. Civ. P. 25(d).

[2] This case was originally assigned to the Honorable Gregory M. Sleet, and was re-assigned to the undersigned's docket on September 20, 2018.

CONNOLLY, UNITED STATES DISTRICT JUDGE:

Pending before the Court is Petitioner David Smith's ("Petitioner") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (D.I. 1) The State filed a Motion for Leave to File a Motion to Dismiss (D.I. 7) simultaneously with the Motion to Dismiss (D.I. 7-1). The Court granted the State's Motion for Leave to File a Motion for Dismiss (D.I. 12), and provided Petitioner with an opportunity to respond. For the reasons discussed, the Court will grant the State's Motion to Dismiss and deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

I. **FACTUAL BACKGROUND**

The facts leading to Petitioner's arrest and conviction are as follows:

> On April 22, 2013, Karen Trump ("Trump") contacted the New Castle County Police Department ("NNCPD") because her three year old daughter had disclosed that her uncle, [Petitioner], had pulled down her pants, bent her over her bed, and touched her butt. The victim told her mother that [Petitioner] then spread her butt apart and that it hurt her. The victim was interviewed at the Child Advocacy Center and again stated that [Petitioner] hurt her in her bedroom when he used his hands to pull her butt apart.
>
> On May 1, 2003, New Castle County Detective Connie Jackson ("Detective Jackson") took [Petitioner] into custody and read him *Miranda* warnings. [Petitioner] waived his rights and agreed to speak to Detective Jackson. [Petitioner] admitted that he had pulled the victim's pants down and pulled her butt apart. [Petitioner] further discussed several other incidents including occasions where he was molested as a child, incidents when he was a child and engaged in sexual acts with other children, and other occasions when he was either a teenager or an adult and had molested several other children.
>
> At the time of the incident, [Petitioner] was a registered sex offender and on probation from a 1996 conviction for Unlawful Sexual Intercourse in the Third Degree. As a result, Probation and Parole filed a Violation of Probation report

> alleging that [Petitioner] had violated the terms and conditions of his probation by committing a new sexual offense against a child and for having contact with a child under the age of eighteen.

*State v. Smith*, 2016 WL 3342578, at *2 (Del. Super. Ct. June 7, 2016). On June 16, 2003, Petitioner was indicted and charged with second degree rape and second degree unlawful sexual contact. *Id.* at *1. On September 10, 2003, Petitioner pled guilty to the lesser-included offense of third degree rape. *Id.* As part of his plea bargain, Petitioner also admitted that he violated his probation by committing a new sexual offense against a child. *Id.* On February 6, 2004, the Superior Court sentenced Petitioner to a total of 25 years and 6 months at Level V incarceration, suspended after 20 years and 6 months for decreasing levels of supervision. *Id.* Petitioner did not appeal.

On May 5, 2004, Petitioner filed a motion for sentence reduction, which the Superior Court denied on June 16, 2004. (D.I. 13 at 2) Petitioner did not appeal that decision.

Petitioner filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on October 17, 2013. The Superior Court denied that motion on June 7, 2016. *See Smith*, 2016 WL 3342578, at *8. Petitioner filed a notice of appeal, and the Delaware Supreme Court dismissed the appeal as untimely on July 27, 2016. *See Smith v. State*, 145 A.3d 429 (Table), 2016 WL 4097505, at *1 (Del. July 27, 2016).

In May 2016, Petitioner filed the instant Petition asserting the following grounds for relief: (1) defense counsel provided ineffective assistance by failing to file a direct appeal; (2) defense counsel provided ineffective assistance during the pre-plea and

2

plea process by failing to provide documentation concerning Petitioner's psycho-forensic evaluation and determination that he was competent to enter a guilty plea; and (3) Petitioner did not voluntarily and knowingly enter his guilty plea because he was taking the antipsychotic drug Zyprexa during the pre-plea and plea process stages. (D.I. 1 at 3-5). The State asserts that the Petition should be dismissed for being time-barred. (D.I. 13)

## II. ONE-YEAR STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. See Holland v. Florida, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the statute of limitations begins to run, on the date on which the time for seeking direct review in state court expires. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). In this case, since Petitioner did not file a direct appeal, his judgment of conviction became final on March 8, 2004, thirty days after he was sentenced. Applying the one-year limitations period to that date, Petitioner had until March 8, 2005 to timely file a habeas petition. See Wilson v. Beard, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); Phlipot v. Johnson, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, i.e., the first day of the limitations period is the day after the triggering event, and the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until October 26, 2016,[3] approximately eleven years and six months

---

[3]Pursuant to the prisoner mailbox rule, the Court adopts as the filing date October 26, 2018, the date on which Petitioner provided the Petition to prison authorities to be

after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers,* 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id.* at 424. However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Att'y of Philadelphia,* 247 F.3d 539, 542 (3d Cir. 2001).

When Petitioner filed his motion for sentence reduction on May 9, 2004, sixty days of the limitations period had lapsed. The Superior Court denied the motion on June 16, 2004, and Petitioner did not appeal that decision. As a result, the motion for

---

electronically filed. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

sentence reduction tolled the limitations period from May 9, 2004 through July 19, 2004, which includes the thirty-day appeal period.[4]

The limitations clock started to run again on July 20, 2004, and ran the remaining 305 days without interruption until the limitations period expired on May 23, 2005.[5] Petitioner's Rule 61 motion, filed on October 17, 2013, has no statutory tolling effect because it was filed long after AEDPA's limitations period expired. Accordingly, the Petition is time-barred, unless equitable tolling applies.

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. Additionally, the obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the petitioner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with

---

[4]The time to appeal actually expired on July 17, 2004, which was a Saturday. Therefore, the appeal period extended through Monday, July 19, 2004. *See* Del. Supr. Ct. R. 11(a).

[5]The limitations period actually expired on May 21, 2005, which was a Saturday. Therefore, the limitations period extended through Monday, May 23, 2005. *See* Fed. R. Civ. P. 6(a).

6

respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner does not assert, and the Court does not discern, that any extraordinary circumstances prevented him from filing the instant Petition in a timely manner. Petitioner also has not demonstrated that he exercised reasonable diligence in pursuing his claims. For instance, Petitioner does not explain why he waited over nine years after his conviction to raise his claims in the Delaware state courts, and he also does not explain why he waited more than ten years after his conviction became final before presenting his Petition in this Court. These unexplained lapses of activity demonstrate a lack of reasonable diligence on Petitioner's part.

For all of these reasons, the Court concludes that the facts as presented by Petitioner do not warrant the application of the equitable tolling doctrine. Accordingly, the Court will dismiss the instant Petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

The Court must decide whether to issue a certificate of appealabilty. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability may be issued only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a

certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant the State's Motion to Dismiss and dismiss the instant Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244. An appropriate Order will be entered.